

2002 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

5-24-2002

# USA v. Burgos

Precedential or Non-Precedential: Non-Precedential

Docket No. 00-1059

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2002

Recommended Citation

"USA v. Burgos" (2002). *2002 Decisions.* Paper 302.
http://digitalcommons.law.villanova.edu/thirdcircuit_2002/302

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2002 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT


No. 00-1059


UNITED STATES OF AMERICA

v.

FRANCISCO BURGOS,

Appellant



ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

(District Court No. 98-cr-00335-001)
District Court Judge: Franklin S. Van Antwerpen




Submitted Under Third Circuit LAR 34.1(a)
May 7, 2002

Before: NYGAARD, ALITO, and ROSENN, Circuit Judges.

(Opinion Filed:  May 24, 2002)




OPINION OF THE COURT



PER CURIAM:
      Appellant Burgos challenges the sufficiency of the evidence for his conviction of conspiracy to distribute crack cocaine.  Because we conclude that the evidence of conspiracy was sufficient for a jury to convict Burgos, we affirm the judgment of the District Court.
                              I.
      According to the testimony presented at trial, Francisco Burgos was a crack cocaine dealer in Allentown, Pennsylvania.  For six months leading up to the police sting, Burgos had used Tomas Carresquilla, under an arrangement approximating consignment, to distribute crack cocaine to customers.  Carresquilla operated on credit from Burgos.  Burgos would supply crack to Carresquilla, who would in turn sell it in small doses to customers, and then "afterwards" Carresquilla would pay Burgos for the crack that Burgos had advanced to him.  Supp. App. at 20.  Burgos used Jorge Vega to collect drug debts owed to Burgos.  Burgos and Vega were arrested together when they

met Carresquilla (who had agreed to cooperate in the police sting) to collect on a debt for crack to Carresquilla.

Burgos was charged with three criminal counts. Count 1 was conspiracy to distribute cocaine, in violation of 21 U.S.C. 846, Count 2 was distribution of crack cocaine, in violation of 21 U.S.C. 841, and Count 3 was use of a gun during a drug-trafficking offense, in violation of 18 U.S.C. 924(c). The jury convicted Burgos on all three counts. Burgos was sentenced to "186 months on each of Counts 1 and 2, to run concurrently with each other" and to "60 months on Count 3 to run consecutively to the terms imposed on Counts 1 and 2 for a total term of 246 months imprisonment." On appeal, Burgos contests only the conviction for conspiracy (Count 1). He does not challenge the convictions for Count 2 or Count 3.

## II.

The only issue on appeal is whether the government presented sufficient evidence such that a reasonable jury could find, beyond a reasonable doubt, that a conspiracy existed between Burgos and someone else. Appellant argues that, according to precedent in this Circuit, "the question then becomes whether this factor alone [that Burgos sold crack on credit to Carresquilla] was enough" for the jury to find conspiracy. Appellant's Reply Br. at 9. Even if we were to accept Appellant's characterization of the issue, we hold that the evidence of conspiracy was sufficient to support the jury's verdict.

The elements of conspiracy are as follows: a unity of purpose between the alleged conspirators, an intent to achieve a common goal, and an agreement to work together toward that goal. See United States v. Gibbs, 190 F.3d 188, 197 (3d Cir. 1999). Because direct evidence of a qualifying agreement is rare, conspiracy can be inferred from circumstantial evidence that the participants' activities "'could not have been carried on except as the result of a preconceived scheme or common understanding.'" United States v. Pressler, 256 F.3d 144, 149 (3d Cir. 2001) (quoting United States v. Ellis, 595 F.2d 154, 160 (3d Cir. 1979)).

In Gibbs, this Court listed several "factors" that courts consider to determine whether a buyer/seller of drugs was also part of a conspiracy: (1) the length of affiliation between the defendant and the conspiracy; (2) whether there is an established method of payment; (3) the extent to which transactions are standardized; and (4) whether there is a demonstrated level of mutual trust. See 190 F.3d at 199 (citations omitted). The Court offered two common indicia of mutual trust, one of which was a "credit relationship." Id. at 200.

## B.

The Gibbs Court cautioned that "[t]hough no one of these factors alone will necessarily be sufficient  without more  to establish a mere buyer's agreement to join the conspiracy . . . , the presence of one or more of these factors furthers the inference . . ." Id. at 200. Seizing on the first half of this statement, Burgos argues that because the Government established only one of the several factors in Gibbs  a credit relationship between Burgos and Carresquilla  the evidence is insufficient.

Recently, this Court in Pressler clarified that these "factors" from Gibbs are not direct proof of conspiracy. 256 F.3d at 149. Rather, "it is more accurate to say that the presence of certain facts often provides circumstantial evidence of the underlying agreement that is itself necessary to make out a conspiracy case." Id. at 147.

In the case before us, the credit relationship between Burgos and Carresquilla was established. Because Burgos repeatedly supplied crack to Carresquilla on credit, it would be reasonable to conclude that Burgos and Carresquilla had a stake in each other's success. The pattern by which Burgos advanced crack to Carresquilla, who paid for it only after Carresquilla had resold it, connotes mutual trust. The jury was thus entitled to reasonably infer from this evidence that Burgos and Carresquilla had entered a conspiracy beyond a reasonable doubt.

## III.

For the foregoing reasons, the District Court's judgement is AFFIRMED.

TO THE CLERK OF THE COURT:

Kindly file the foregoing Opinion.


                                    Circuit Judge